NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 14a0758n.06

Case No. 13-2529

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 02, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| BENITA M. CHEATOM, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| QUICKEN LOANS, et al., | ) | MICHIGAN |
| | ) | |
| Defendants-Appellees. | ) | OPINION |
| | ) | |
| | ) | |

**BEFORE:  DAUGHTREY, ROGERS, and DONALD, Circuit Judges.**

**BERNICE BOUIE DONALD, Circuit Judge**.  This appeal focuses on claims under

42 U.S.C. §§ 1981 and 1982, the Truth in Lending Act ("TILA"), and the Home Ownership and

Equity Protection Act ("HOEPA"), arising out of a mortgage loan originated in 2003, which

subsequently resulted in foreclosure of Plaintiff-Appellant Benita Cheatom's home in 2013.

Cheatom now appeals an order granting Defendants-Appellees' motion to dismiss, arguing that

the district court 1) erred in dismissing her claims as time-barred because she had sufficiently

pled the doctrines of equitable estoppel/fraudulent concealment and equitable tolling, and

2) improperly dismissed Counts 3, 4, 5, 10, 11, and 12 as not relating to Defendants-Appellees,

Quicken Loans Inc. ("Quicken Loans") and Kenneth Weinbaum ("Weinbaum").  For the reasons

explained below, we **AFFIRM**.

I.

In 2003, Cheatom purchased a condominium located at 32259 August Drive, #38, Romulus, Michigan, 48174. On July 15, 2003, Cheatom entered into a purchase agreement with the Benivegna Building Company and paid a purchase price of $187,435 via a mortgage loan from Quicken Loans. Weinbaum was an employee of Quicken Loans and acted as Cheatom's Loan Officer. The loan, for $181,862.95, closed on November 14, 2003. Sometime after the closing, Quicken Loans sold its interest in the mortgage to Countrywide Financial, a company implicated in the 2008 subprime mortgage crisis, which subsequently transferred the mortgage to Bank of America. Sometime in January 2005, Cheatom requested assistance with her mortgage loan from Countrywide in the form of a loan recodification/modification. Cheatom's request was denied and on August 29, 2005, she filed for bankruptcy under Chapter 13, which was subsequently converted to Chapter 7 bankruptcy on October 25, 2010. Cheatom's bankruptcy filing did not appear to impact her mortgage loan and Cheatom filed a Chapter 7 Individual Debtor's Statement of Intention indicating that she intended to retain her residence and reaffirm the mortgage debt. Cheatom received a discharge on February 4, 2011.

On various dates in 2012, Cheatom telephoned Bank of America to request a modification or, in the alternative, a short sale of her condominium, but was unable to negotiate a modification or short sale. Cheatom defaulted on her mortgage, and on November 15, 2012, Bank of America conducted a sheriff's sale after a foreclosure by advertisement. The redemption period expired six months later. Cheatom filed suit on May 14, 2013, in Wayne County Circuit Court, and the action was removed to federal court on June 4, 2013, on the basis of 28 U.S.C. § 1331. On June 19, 2013, Cheatom filed a twelve-count Amended Complaint,

naming as defendants Quicken Loans, Rock Financial, Bank of America, Weinbaum, and Federal National Mortgage Association ("Fannie Mae").

On August 2, 2013, the district court dismissed Defendants Bank of America and Fannie Mae, pursuant to a stipulated order. The instant case then proceeded only as to the remaining defendants, Quicken Loans and Weinbaum. The twelve counts in Cheatom's Amended Complaint can be divided into two categories. One category includes all the claims directed explicitly at Quicken Loans and Weinbaum and/or issues pertaining to the origination of the loan when Quicken Loans was Cheatom's mortgagor and Weinbaum was her loan officer. The other category contains claims that were explicitly directed against Bank of America and Fannie Mae, and/or concerned the loan modification and foreclosure periods during which Bank of America was Cheatom's mortgagor. The district court in reviewing Counts 1-12 of Cheatom's Amended Complaint decided that Counts 1, 2, 6, 7, 8 and 9, concerned the loan origination period and directly or indirectly implicated Quicken Loans and Weinbaum, while the remaining counts dealt with the loan modification and foreclosure periods that occurred when Bank of America, not Quicken Loans, was Cheatom's mortgagor. In an order dated October 15, 2014, the district court dismissed Counts 1, 2, 6, 7, 8 and 9 as time barred, and dismissed the remaining claims (in Counts 3, 4, 5, 10, 11, and 12) as inapplicable to Quicken Loans and Weinbaum.

## II.

We review de novo a district court's order granting a motion to dismiss for failure to state a claim upon which relief can be granted. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003); *see also Lopez-Gonzalez v. Municipality of Comerio*, 404 F.3d 548, 551 (1st Cir. 2005) (citing *TAG/ICIB Servs., Inc. v. Pan Am. Grain Co.*, 215 F.3d 172, 175 (1st Cir. 2000)) (stating that an appellate court reviews de novo a district court's granting of a Rule 12(b)(6)

motion to dismiss based on statute of limitations grounds). In so doing, we must determine whether Cheatom's factual allegations, when accepted as true, are sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A motion to dismiss will be granted only if "the alleged facts do not set forth an adequate claim or if the face of the complaint demonstrates that relief is barred by an affirmative defense." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 220 (2010). In considering a motion to dismiss pursuant to Rule 12(b)(6), we must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Trzebuckowski*, 319 F.3d at 855.

Although a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally not an appropriate vehicle for dismissing a claim based upon the statute of limitations, if the allegations in the complaint affirmatively show that the claim is time-barred, dismissing the claim under Rule 12(b)(6) is appropriate. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). Where a particular claim does not provide its own statute of limitations, "we apply the limitations period for the most analogous forum state law claim." *Zappley v. Stride Rite Corp.*, No. 10-1941, 2011 U.S. App. LEXIS 26638, *3-4 (6th Cir. Mar. 29, 2011) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158, (1983)); *Meade v. Pension Appeals & Review Comm.*, 966 F.2d 190, 194-95 (6th Cir. 1992). "This limitations period begins to run when the plaintiff discovers, or in the exercise of due diligence should have discovered, the injury which forms the basis for his claim." *Zappley*, 2011 U.S. App. LEXIS 26638 at *3-4 (citing *Dixon v. Clem*, 492 F.3d 665, 671 (6th Cir. 2007)). Reviewing the relevant limitations periods, the district court calculated that the

longest period of limitations for any of Cheatom's claims under Counts 1, 2, 6, 7, 8 and 9 was six years. Cheatom does not contest that the statute of limitations on her claims with respect to those counts had expired. However, Cheatom argues that her claims are preserved by the tolling of the statute of limitations. Because it is unclear whether she argues under the doctrine of equitable estoppel/fraudulent concealment or under the doctrine of equitable tolling, we will address her argument under both doctrines in turn.

III.

We first address Cheatom's argument based on the doctrine of equitable estoppel. The elements of an equitable estoppel claim, which is sometimes referred to as fraudulent concealment, are set forth by this Court in *Sprague v. General Motors Corp.*, as follows:

> 1) there must be conduct or language amounting to a representation of a material fact; 2) the party to be estopped must be aware of the true facts; 3) the party to be estopped must intend that the representation be acted on, or the party asserting the estoppel must reasonably believe that the party to be estopped so intends; 4) the party asserting the estoppel must be unaware of the true facts; and 5) the party asserting the estoppel must reasonably or justifiably rely on the representation to his detriment.

*Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 424-25 (6th Cir. 2009) (citing *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 403 (6th Cir. 1998)). To invoke equitable estoppel, a plaintiff must show that the defendant took affirmative steps to prevent the plaintiff from suing in time, "such as by hiding evidence or promising not to plead the statute of limitations." *Bridgeport Music Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 891 (6th Cir. 2004). In addition to the requirement that the defendant's improper conduct concealed or otherwise hindered a plaintiff's ability to bring suit, equitable estoppel is premised on a plaintiff's demonstration that her "ignorance is not attributable to a lack of diligence on [her] part." *Id.* at 891. The facts substantiating the doctrine must be set forth in the complaint with particularity as required by Federal Rule of Civil

Procedure 9(b).  *See Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975).

Cheatom does not show any of the *Sprague* factors.  First, she does not allege that Quicken Loans and Weinbaum represented any facts that they knew to be false as to her ability to bring the instant suit, much less that she relied on those representations to her detriment.  In her Amended Complaint, Cheatom does not specify or allege any wrongful actions or concealment on the part of Quicken Loans or Weinbaum that prevented her from becoming aware of her statutory claims.  Second, Cheatom does not allege any facts that could explain why she was unaware, during the limitations period, of the operative facts that form the basis of her causes of action.  Third, Cheatom does not offer any facts that could explain why her claims could not have been discovered by the exercise of reasonable diligence as of the date of the real estate closing, when she was allegedly presented with information different from that which she had initially received from Quicken Loans and Weinbaum.

Cheatom's arguments before the district court and on appeal refer only to alleged wrongdoings with respect to her loan origination, modification, and foreclosure that form the basis of her Amended Complaint.  As the United States Court of Appeals for the Seventh Circuit has observed, equitable estoppel or fraudulent concealment requires something more.  Specifically, a successful case of equitable estoppel or fraudulent concealment requires "efforts by the defendant, above and beyond the wrongdoing upon which the plaintiff's claim is founded, to prevent, by fraud or deception, the plaintiff from suing in time."  *Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001).  Cheatom does not show any efforts by Quicken Loans or Weinbaum, above and beyond the wrongdoing upon which Counts 1, 2, 6, 7, 8

and 9 are premised, that prevented her from suing in time. Therefore, Cheatom's argument that the statute of limitations should be tolled by equitable estoppel fails.

IV.

We next review Cheatom's argument under the doctrine of equitable tolling. The doctrine of equitable tolling is distinct from the doctrine of equitable estoppel or fraudulent concealment. Equitable tolling applies "when there is no allegation of impropriety on the defendant's part," and yet plaintiff, despite exercising due diligence, remains unaware of her causes of action. *Hill v. U.S. Dep't of Labor*, 65 F.3d 1331, 1335 n.2 (6th Cir. 1995) (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990)), *cert. denied*, 501 U.S. 1261 (1991); *see also Egerer*, 556 F.3d at 424. This Court has identified the following five factors to determine whether equitable tolling of a statute of limitations is appropriate: 1) lack of notice of requirement to file suit; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendants; and 5) plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).

Cheatom does not attempt to demonstrate that she meets the five-factor test. Instead, Cheatom's own recitation of the facts in her Amended Complaint shows that she was well aware, from the beginning of her interactions with Quicken Loans and Weinbaum, of the events that give rise to her instant claims. To the extent Cheatom implies that she was ignorant and lacked knowledge due to her unfamiliarity with the legal process, "[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) (citations and internal quotation marks omitted) (holding that ignorance of the

law is not enough to invoke equitable tolling); see *also Akron Presform Mold Co. v. McNeil Corp.*, 496 F.2d 230, 234 (6th Cir. 1974) (finding that a plaintiff's ignorance of his rights is insufficient to overcome a statute of limitations defense).

Rather than providing any facts in support of her theory of equitable tolling, Cheatom presents us with the reasoning in *Harris v. Citimortgage, Inc.*, 878 F. Supp. 2d 154 (D.D.C. 2012), which the district court rejected. In *Harris*, the court held that "[c]ourts may allow equitable tolling of a statute of limitations where a claimant has received inadequate notice of the facts that form the basis for his claim," and allowed for equitable tolling as to a claim under TILA. *Harris*, 878 F. Supp. 2d at 161 (citing *Chen v. Bell-Smith*, 768 F. Supp. 2d 121, 149 (D.D.C. 2011)). However, the facts in *Harris* are distinguishable. In *Harris*, the plaintiff exercised reasonable diligence to discover the previously undisclosed, negative amortization characteristics of his adjustable rate mortgage loan and brought suit when he finally did discover them. *See generally id.* Additionally, the plaintiff in *Harris* made factual allegations to support his theory that the statute of limitations on his TILA claim should be equitably tolled. *Id.* at 159. In contrast, Cheatom never suggests that she was unaware of the alleged wrongdoing by Quicken Loans or Weinbaum, or that their conduct was concealed from Cheatom and she did not learn of it despite her due diligence, prior to May 2013, when she filed suit. On the contrary, Cheatom's Amended Complaint implies that she was aware of the conduct of Quicken Loans and Weinbaum that underlies her instant claims at the time of the loan origination and even *prior* to the loan's closing.

First, Cheatom claimed that Quicken Loans and Weinbaum provided her with an understated estimate of mortgage loan costs, ostensibly as "bait," and then provided a different, appreciably higher statement of costs only one day prior to the loan's closing. However

inopportune this timing, it is undisputed that Cheatom was aware of higher costs at the time she entered into the mortgage agreement. Certainly we do not condone potentially predatory lending practices and do not suggest that Cheatom should have rejected the loan and forfeited her deposit, but, for the purpose of this appeal, the facts show that Cheatom was on notice as to Quicken Loans' and Weinbaum's conduct as of 2003. Second, Cheatom alleged that Quicken Loans and Weinbaum understated the APR and finance charge on the loan in violation of TILA. There are no factual allegations suggesting that Cheatom would not have been able to uncover the understatements through due diligence. Third, Cheatom alleged that Quicken Loans and Weinbaum failed to provide her with a notice three days prior to closing as required by HOEPA. Again, there is no factual basis suggesting that this failure of notice was concealed from Cheatom or that she was unaware of it. After considering each of the three specific allegations of wrongdoing directed at Quicken Loans and Weinbaum in Cheatom's Amended Complaint, the district court concluded that the doctrine of equitable tolling did not apply. We agree.

Like the district court, we are not persuaded that the facts, construed in Cheatom's favor, support the application of either equitable estoppel or equitable tolling. First, no affirmative acts by Quicken Loans or Weinbaum prevented Cheatom from learning of a cause of action or prevented Cheatom from timely filing suit on a cause of action of which she was aware. Second, the basic facts that support Cheatom's TILA claims were disclosed to her at the time she entered into the loan agreement. Lastly, Cheatom cannot demonstrate that she exercised due diligence to learn of available causes of action or to file within the statute of limitations based on known causes of action. The issue here is not whether Quicken Loans or Weinbaum exploited Cheatom, but rather whether Cheatom's potential claim against Quicken Loans and Weinbaum survived the statute of limitations due to fraudulent concealment. Like our conclusion above that

defendants are not estopped from asserting TILA's statute of limitations as to Cheatom's claims, the TILA statute of limitations also should not be equitably tolled in this case. Accordingly the district court did not err in granting the motion to dismiss.

V.

We next review the district court's prejudicial dismissal of Counts 3, 4, 5, 10, 11, and 12 of Cheatom's Amended Complaint, based on the alleged conduct of the previously dismissed defendants, Bank of America and Fannie Mae.

In Counts 3 and 11, Cheatom asserts that she was discriminated against on the basis of her race, in violation of 42 U.S.C. §§ 1981 and 1982. In these Counts, she describes her efforts to obtain a loan modification that were unsuccessful, allegedly due to race discrimination by erstwhile Defendant Bank of America. Nowhere in her Amended Complaint does Cheatom claim that Quicken Loans and Weinbaum discriminated against her on the basis of race. Instead, Cheatom impermissibly argues for the first time on appeal that Quicken Loans and Weinbaum also discriminated against her on the basis of race, in violation of 42 U.S.C. §§ 1981 and 1982, by offering her an inflated mortgage that they purportedly would not have offered a white customer.

Counts 4 and 12 allege violations of Michigan's state foreclosure statute. The facts show that Quicken Loans had sold the loan long before the 2012 foreclosure, and Cheatom does not allege any involvement of Quicken Loans or Weinbaum in the foreclosure. Similarly, Counts 5 and 10, which assert claims for promissory estoppel and intentional infliction of emotional distress, respectively, deal with alleged misleading assurances by Bank of America during the 2012 loan modification. Again, Cheatom did not allege any involvement by Quicken Loans or Weinbaum.

It is undisputed that Cheatom stipulated to a dismissal of Bank of America and Fannie Mae from the instant lawsuit. Furthermore, nothing in the record suggests that Quicken Loans and Weinbaum were in any way involved with Cheatom's mortgage after 2005. Indeed, there is evidence in Cheatom's voluntary petition under Chapter 13 of the bankruptcy code that she listed Countrywide Home Loans, not Quicken Loans, as a secured creditor on the mortgage loan at issue. Therefore, while Cheatom may have timely claims against the entities involved in the 2012 loan modification process,[1] these claims do not involve Quicken Loans or Weinbaum in any way, and the timely claims may not now be repurposed to stand in for time-barred claims against the instant defendants.

In the absence of any allegations implicating the instant defendants in the alleged misconduct during the loan modification and foreclosure processes, the district court did not err in finding that the post-origination claims in Cheatom's Amended Complaint do not apply to Quicken Loans or Weinbaum. Accordingly, the district court did not err in finding that Cheatom failed to state a claim against Quicken Loans or Weinbaum in Counts 3, 4, 5, 10, 11, and 12.

Cheatom now attempts to remedy that situation by raising two issues, for the first time on appeal. First, Cheatom alleges that Quicken Loans and Weinbaum were connected to the actions of Bank of America and Fannie Mae due to a "proximate causal nexus" in the chain of events leading to foreclosure of her home. Second, Cheatom alleges that a "virtual conspiracy" existed between all the defendants, including those previously dismissed. This Court has held that, in general, "issues not presented to the district court but raised for the first time on appeal are not properly before the court.*"* *McFarland v. Henderson*, 307 F.3d 402, 407 (6th Cir. 2002) (citing

---

[1]Subsequently, Cheatom successfully moved the district court to vacate the stipulated order of dismissal against Bank of America and Fannie Mae and to reopen the case, because Bank of America and Fannie Mae "made false representations to this Court, and Counsel, i.e., that if [Cheatom] would dismiss her complaint against Defendants Fannie Mae and [Bank of America], said Defendants would honor the promise made to work with [Cheatom] to effect a short sale of her home," which the record suggests they did not. PageID 604.

*J. C. Wyckoff & Assoc., Inc. v. Standard Fire Ins. Co*., 936 F.2d 1474, 1488 (6th Cir. 1991)).

However, "we have, on occasion, deviated from the general rule in exceptional cases . . . or when

the rule would produce a plain miscarriage of justice." *Id.* (citing *Foster v. Barilow*, 6 F.3d 405,

407 (6th Cir. 1993)) (internal quotation marks omitted). Even then, the new issue must be

"presented with sufficient clarity and completeness" for us to resolve the issue. *McFarland*,

307 F.3d at 407 (citing *Pinney Dock & Transp. Co. v. Penn Cent. Corp*., 838 F.2d 1445, 1461

(6th Cir. 1988)). "The *Pinney Dock* exception is most commonly applied where the issue is one

of law and further development of the record is unnecessary." *McFarland*, 307 F.3d at 407

(citing *Foster*, 6 F.3d at 407). This is not such a case.

In order to rule on Cheatom's allegations of proximate cause and virtual conspiracy, we

would need to do much more than simply apply the law to the facts as they are alleged in the

Amended Complaint. We would, in essence, be designing Cheatom's theory of liability for her,

including the facts and the law. At present, there are no facts, either express or implied, in

Cheatom's Amended Complaint that can be construed to support the existence of proximate

cause or conspiracy between Quicken Loans and Weinbaum on the one hand, and Bank of

America and Fannie Mae on the other hand. Also, our consideration of these issues would

unfairly prejudice Quicken Loans and Weinbaum who have never had the opportunity to argue

the substance of these issues in district court or on appeal. *See McFarland*, 307 F.3d at 407.

VI.

For the foregoing reasons, we **AFFIRM** the district court.